UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-40538-705 |
| | ) | |
| PATRICIA LEONARD | ) | Chapter 7 Proceeding |
| | ) | |
| Movant/Debtor, | ) | **OBJECTION AND RESPONSE TO** |
| | ) | **DEBTOR'S MOTION TO AVOID** |
| | ) | **JUDICIAL LIEN OF** |
| WAYCLIFFE DEVELOPMENT CORP., | ) | **CREDITOR WAYCLIFFE** |
| | ) | **DEVELOPMENT CORPORATION** |
| Respondent/Creditor. | ) | |

COMES NOW Waycliffe Development Corporation, ("Waycliffe"), secured creditor herein, and for its Objection and Response to Debtor's Notice and Motion to Avoid Judicial Lien of Waycliffe Development Corporation, respectfully states to the Court as follows:

1. Waycliffe is a secured creditor in the Debtor's Bankruptcy Case by virtue of a judgment taken in the Circuit Court of St. Louis County on November 16, 2011 in the amount of $92,889.00 (the "Judgment") concerning a commercial lease. As of the date of filing of Debtor's Bankruptcy Case the balance due on the Judgment was approximately $85,000.00.

2. This matter is before the Court on Debtor's Notice and Motion to Avoid Judicial Lien of Waycliffe Development Corporation (the "Motion") filed June 1, 2016 wherein Debtor seeks to avoid the lien of the Judgment on Debtor's real property located at 614 Grant Court, St. Louis, Missouri (the "Property"). The Property's legal description is Lot 2 of Grant Court, according to the plat thereof recorded in Plat Book 251 page 95 of the St. Louis County Records.

3. Debtor filed her Chapter 7 Case, numbered 16-40538-705, on January 27, 2016 (the "Filing Date").

4. Waycliffe does not dispute the allegations in paragraphs 1, 2 and 3 of the Motion.

5. Waycliffe denies and disputes all of the allegations in paragraph 4 of the Motion,

including the assertion that the Property has a fair market value of $330,000.00. Waycliffe believes the Property has a fair market value of at least $515,000.00.

6. Waycliffe does not dispute Debtor's allegation in paragraph 5 of the Motion which indicates that Debtor has claimed a $15,000.00 homestead exemption in the Property.

7. Paragraph 6 of the Motion states "At the time the Debtor filed this bankruptcy petition, this real estate was subject to consensual mortgage lien(s) in the amount of      ". Since the allegation does not reference any amount, Waycliffe cannot respond in detail, but Waycliffe denies that there are any consensual liens against the Property. Waycliffe denies and disputes all of the allegations in paragraph 6 of the Motion, and states affirmatively that, upon information and belief, there are no other liens on the Property other than Waycliffe's judicial lien. No specific consensual liens are referenced in the Motion, but Waycliffe asserts that any such lien or liens do not exist or have been released.

8. Waycliffe disputes and denies all of the allegations contained in paragraph 7 of the Motion, but states that the balance on Waycliffe's judicial lien was approximately $85,000 at the time of the Filing Date.

9. Waycliffe disputes and denies all of the allegations contained in paragraph 8 of the Motion, and states affirmatively that the existence of Waycliffe's judicial lien does not impair exemptions to which Debtor would be entitled under 11 U.S.C. § 522 (b). Waycliffe does not dispute that the **Kolich** case effectively sets out the general formula applicable to avoidance of judicial liens in this Court, but denies its applicability to Waycliffe's lien. Waycliffe denies all of the allegations in the various boxes as to the value of any liens, the value of the land interest and the extent of the impairment.

10. Waycliffe disputes and denies all of the allegations contained in paragraph 9 of the Motion, and states affirmatively that the existence of Waycliffe's judicial lien does not

impair exemptions to which Debtor would be entitled under 11 U.S.C. § 522 (b) and that no portion of Waycliffe's judicial lien should be avoided.

11. For all of the foregoing reasons, Debtor's Motion to Avoid Judicial Lien of Waycliffe Development Corporation should be denied. There is sufficient equity in the Property to cover Waycliffe's judicial lien, and no basis for avoiding its lien.

WHEREFORE, Waycliffe prays that this Court deny Debtor's Motion to Avoid Judicial Lien of Waycliffe Development Corporation, award Waycliffe its attorney's fees incurred in defending this motion, and grant such other, further relief as to the Court appears just and proper.

   /s/ David M. Dare_____
David M. Dare 35965MO
Herren, Dare & Streett
1051 N. Harrison Ave.
St. Louis, Missouri  63122
(314) 965-3373 (Telephone)
(314) 965-2225 (fax)
ddare@hdsstl.com

Attorneys for Respondent/Creditor

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing objection was served upon the Trustee, office of the United States Trustee and Counsel for the Debtor and any other parties who have requested notice through the Court's electronic filing system on this 28th   day of July, 2016, and to all parties entitled to notice.

   /s/ David M. Dare_____

3