DENIED
MOOT

Dec 14, 2016

CHARLES E. RENDLEN, III
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  16-40538-705 |
| | ) | |
| PATRICIA LEONARD | ) | Chapter 7 Proceeding |
| | ) | |
| Movant/Debtor, | ) | **MOTION TO DISMISS** |
| | ) | **DEBTOR'S MOTION TO AVOID** |
| | ) | **JUDICIAL LIEN OF** |
| WAYCLIFFE DEVELOPMENT CORP., | ) | **CREDITOR WAYCLIFFE** |
| | ) | **DEVELOPMENT CORPORATION** |
| Respondent/Creditor. | ) | |

COMES NOW Waycliffe Development Corporation, ("Waycliffe"), secured creditor herein, and for its Motion to Dismiss Debtor's Notice and Motion to Avoid Judicial Lien of Waycliffe Development Corporation, respectfully states to the Court as follows:

1. Waycliffe is a secured creditor in the Debtor's Bankruptcy Case by virtue of a judgment taken in the Circuit Court of St. Louis County on November 16, 2011 in the amount of $92,889.00 (the "Judgment") concerning a commercial lease. As of the date of filing of Debtor's Bankruptcy Case the balance due on the Judgment was approximately $85,000.00.

2. This matter is before the Court on Debtor's Notice and Motion to Avoid Judicial Lien of Waycliffe Development Corporation (the "Motion") filed June 1, 2016 wherein Debtor seeks to avoid the lien of the Judgment (the "Lien") on Debtor's real property located at 614 Grant Court, St. Louis, Missouri (the "Property") pursuant to 11 U.S.C. Section 522 (f) (1). The Property's legal description is Lot 2 of Grant Court, according to the plat thereof recorded in Plat Book 251 page 95 of the St. Louis County Records.

3. Debtor's spouse, David H. Leonard ("David"), first filed a Chapter 13 Bankruptcy Case on March 19, 2015, numbered 15-41894-659 ("Case One"). Case One was assigned to the Honorable Kathy A. Surratt-States and dismissed on May 7, 2015 for David's repeated failure to

provide payment advices to the Trustee in accordance with 11 U.S.C. § 521 (a) (1) (B) (iv) and orders of that Court. Case One was filed on the eve of a real estate execution and sheriff's sale filed by Waycliffe and scheduled for March 24, 2015.

4. David filed his current Chapter 13 Case, numbered 15-45968-659 ("Case Two"), on August 10, 2015. Case Two was also assigned to the Honorable Kathy A. Surratt-States and was filed on the eve of a sheriff's sale under real estate levy 15-EXEC-1709 scheduled for August 12, 2015. Case Two, originally filed under Chapter 13, was converted to Chapter 7 at the David's Request on September 24, 2015. It was David's Second Bankruptcy Case filed within five months.

5. Debtor, Patricia Leonard, filed the instant bankruptcy case under Chapter 7 on January 27, 2016 (the "Filing Date") as Case No. 16-40538 on the eve of a third sheriff's sale scheduled for that same date.

6. David filed an Amended Motion to avoid the Lien in Case Two on January 22, 2016 (the "DL Motion"). Waycliffe filed a response denying and disputing all of the essential allegations in the DL Motion and the DL Motion was set for final hearing on February 29, 2016. David asserted that the Property had a fair market value of $330,000.00 and that there were consensual liens against the Property in the amount of $451,909.80. Waycliffe alleged that the Property had a fair market value of $515,000.00 and that there were no consensual liens against the Property. The parties did not dispute David's entitlement to a $15,000 homestead exemption. A full hearing on the merits was conducted on February 29, 2016 with both parties calling multiple witnesses.

7. On September 14, 2016 the Court in Case Two issued its order denying the DL Motion (the "Order"). The Court also found that Waycliffe had provided credible evidence that the value of the Property was $515,000 and that there were no consensual liens against the

2

Property.

8. Waycliffe asserts that the Order should have preclusive effect in the instant case and is res judicata. Waycliffe also argues that Debtor is collaterally estopped from asserting her claim for avoidance of Waycliffe's Lien against the Property by the decision in Case Two.

9. The 8th Circuit Court of Appeals referenced the elements of the res judicata doctrine in the case of Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F. 3d 634, 639 (8th Cir. 2008). To establish that a claim is barred by res judicata a party must show: (1.) The first suit resulted in a final judgment on the merits; (2.) The first suit was based on proper jurisdiction; (3.) Both suits involve the same parties (or those in privity with them); and (4.) both suits are based upon the same claims or causes of action.

10. In the instant case all of the Yankton requirements are met; (1.) The DL Motion in Case Two resulted in a judgment on the merits; (2.) The court in Case Two had proper jurisdiction over the issues in the lien avoidance trial, the Debtor, David and their underlying bankruptcy cases; (3.) Both the Motion and the DL Motion involve the same parties or those in privity with them. Because both Debtor and David are residents of Missouri and owners of the Property as husband and wife they are considered to be one person under the doctrine of Tenancy by the Entirety. Missouri Law presumes that property owned by husband and wife is held as tenants by the entirety. If for some reason Debtor and David were not considered to be the same party they are both clearly in privity with each other; and (4.) Both the Motion and the DL Motion involve the same claim and cause of action. Both motions seek to avoid the same lien on the same property against the same creditor.

11. The elements of collateral estoppel, also known as issue preclusion, can be found in the Eighth Circuit case of Ginters v. Frazier, 614 F.3d 822, 826 (8th Cir. 2010). These are: (1.) The party sought to be precluded in the second suit must have been a party, or in privity with a

party, to the original lawsuit; (2.) The issue sought to be precluded must be the same as the issue involved in the prior action; (3.) The issue sought to be precluded must be actually litigated in the prior action; (4.) the issue sought to be precluded must have been determined by a valid and final judgment; and (5.) the determination in the prior action must have been essential to the prior judgment.

12. Waycliffe seeks to preclude any further hearing on whether Waycliffe's lien against the Property can be avoided, the value of the Property and the amount of consensual liens against the Property. In the instant case all five of these strictures are met; (1.) Both the Motion and the DL Motion involve the same parties or those in privity with them. Because both Debtor and David are residents of Missouri and owners of the Property as husband and wife they are considered to be one person under the doctrine of Tenancy by the Entirety. Missouri Law presumes that property owned by husband and wife is held as tenants by the entirety. If for some reason Debtor and David were not considered to be the same party they are both clearly in privity with each other. Further, collateral estoppel is not limited by the doctrine of mutuality of parties Parklane Hosiery Company v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed. 2d 552 (1979); (2.) Both the Motion and the DL Motion involve the same issues, whether Waycliffe's lien against the Property can be avoided, the value of the Property and the amount of consensual liens against the Property. Both motions seek to avoid the same lien on the same property against the same creditor; (3.) The issue of whether the lien could be avoided was actually litigated in Case Two on February 29, 2016; (4.) The issues sought to be precluded, as referenced in (2.) above, were all determined by the Court's final judgment in Case Two dated September 14, 2016; and (5.) The determination of the issues sought to be precluded in the instant case were all essential to the Court's decision in the Order entered in Case Two denying the DL Motion. The determination of the value of the Property and the amount of consensual

4

liens against the Property were essential to the Court's decision not to allow avoidance of Waycliffe's lien.

13. Numerous bankruptcy courts have applied the res judicata and collateral estoppel doctrines to lien avoidance actions. One case even established that a determination of the value of a Property in one lien avoidance action was binding upon the Debtor in other lien avoidance actions against other creditors in the same bankruptcy case. In re Bohrer, 19 B.RF. 958 (Bankr. E.D. Pa., 1982).

14. For all of the foregoing reasons, the Motion should be denied. Debtor is barred from asserting all of the essential claims in the Motion by the decision on the DL Motion in Case Two and cannot prevail on the Motion. Waycliffe's judicial lien cannot be avoided in the instant case, and Debtor can assert no basis for avoiding its lien.

WHEREFORE, Waycliffe prays that this Court dismiss Debtor's Notice and Motion to Avoid Judicial Lien of Waycliffe Development Corporation, deny Debtor's Notice and Motion to Avoid Judicial Lien of Waycliffe Development Corporation, award Waycliffe its attorney's fees incurred in defending this motion, and grant such other, further relief as to the Court appears just and proper.

Respectfully Submitted:

\_\_/s/ David M. Dare_____
David M. Dare 35965MO
Herren, Dare & Streett
439 S. Kirkwood Rd., Suite 204
St. Louis, Missouri  63122
(314) 965-3373 (Telephone)
(314) 965-2225 (fax)
ddare@hdsstl.com

Attorneys for Respondent/Creditor

5

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing motion was served upon the Trustee, Office of the United States Trustee and Counsel for the Debtor and any other parties who have requested notice through the Court's electronic filing system on this 20th day of September, 2016, and to all parties entitled to notice.


   /s/ David M. Dare